IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  15-CV-80351-DMM

STANTON ENERGY PARTNERS LLC,

    Plaintiff,

v.

TAP ENERGY GROUP LLC, et al.,

    Defendants.
_____/

### DEFENDANT JON D. FERNANDEZ's MOTION TO VACATE CLERK'S DEFAULT AND INCORPORATED MEMORANDUM OF LAW

Defendant, Jon D. Fernandez ("Defendant"), pursuant to Fed. R. Civ. P. 55(c), respectfully moves this Court to vacate the Clerk's Default [DE 38] entered against him on September 2, 2015, and in support thereof states:

1. Defendant was served with a copy of Plaintiff's Corrected Amended Complaint on August 17, 2015.  Therefore, a response was due on or before August 31, 2015.

2. Defendant has limited financial resources to retain counsel to assist in defending him in this action.

3. Defendant petitioned the Court for referral to the Court's Volunteer Attorney Program [DE 15], but his request was denied [DE 32].

4. For over two (2) months Defendant has diligently and, until recently, unsuccessfully searched for counsel to assist him in this matter.  See Affidavit of Jon D. Fernandez attached hereto as **Exhibit "A."**

5. However, before Defendant was able to retain undersigned counsel, on September 2, 2015, a Clerk's Default was entered against him [DE 38].

## **STANDARD OF REVIEW**

A district court may set aside an entry of default for good cause. Fed. R. Civ. P. 55(c); *see also Jones v. Harrell*, 858 F.2d 667, 669 (11th Cir. 1988) (where a judgment has not been entered, the court shall set aside a default upon a showing of good cause instead of following the more stringent standard under Rule 60(b)). The purpose of Rule 55(c) is that "the justice-function of the courts demands that it must yield in appropriate circumstances, to the equities of the particular case in order that the judgment might reflect the true merits of the case." *Seven Elves, Incorporated v. Eskenazi*, 635 F.2d 396, 401 (5th Cir. 1981).

The Eleventh Circuit Court of Appeals has outlined a number of factors for courts to consider when evaluating the "good cause" standard, including whether the default was culpable or willful, whether setting aside the default would prejudice the adversary, and whether the defaulting party presents a meritorious defense. *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951-52 (11th Cir. 1996). Courts have also considered whether the public interest was implicated, whether there was significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default. *See Varona v. Rietmann*, No. 11-20657-CIV, 2012 WL 3113905, at *1-*2 (S.D. Fla. July 31, 2012) (citing *Dierschke v. O'Cheskey*, 975 F.2d 181, 184 (5th Cir. 1992)).

Good cause is a liberal standard, though not devoid of substance. *Compania Dominicana de Aviacion*, 88 F.3d at 951. As this Court has recognized, "[i]t is the general rule that default judgments are ordinarily disfavored because cases should be decided upon their merits whenever reasonably possible." *Creative Tile Marketing, Inc. v. Sicis International, S.r.L.*, 922 F.Supp. 1534, 1536 (S.D. Fla. 1996); *Florida Physicians Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993). As a result, in order to obtain relief under Fed. R. Civ. P. 55(c), the movant only must make a bare minimum showing to support its claim for relief. *In re Fortner*, No. 12-60478-CIV,

2012 WL 3613879, at *7 (S.D. Fla. Aug. 21, 2012) (citing *Jones v. Harrell*, 858 F.2d 667, 669 (11th Cir. 1988)).

## ARGUMENT

Defendant here seeks *vacatur* of the Clerk's Default [DE 38] entered against him on September 2, 2015. Defendant has made repeated efforts to secure counsel to defend him in this action. He sought the assistance of the Court and numerous free legal service organizations in the area. He has sought the assistance of friends and family members to fund a retainer with the efforts of the former leading him to the undersigned, and the efforts and contributions of the latter providing the necessary funds. Defendant's low income and high debt, in part unfairly due and related to the circumstances which brought him to sued in the first place, have prevented, until now, his represented access to the courts.

Defendant's failure to respond is not willful or culpable. Both the seriousness and complexity of the allegations have discouraged his self-representation. As he related to the undersigned, Defendant firmly believes that defense of the suit is not possible for him without the assistance of counsel. Defendant has not "fail[ed] to effect any compliance" with the Rules. Instead, he has taken steps, though admittedly come up short, to answer the Court's summons and later the July 23, 2015, Amended Complaint by actively seeking an advocate through whom to do it. In fact, the undersigned initially declined to represent Defendant, and the Defendant persisted with repeated telephone call and E-mails asking for help until an agreement could be reached.

Should the Court vacate the default, Defendant is prepared to asset several defenses. For instance, Defendant will allege that he did not make false representations to Plaintiff or any representations he knew or suspected to be false; that he did not understand the alleged contract

documents and did not understand them to create a personal obligation as alleged in the Amended Complaint. Defendant will allege that, neither at the time the of entering into the alleged contract nor at the time of receipt of any funds, he had not intention of using funds in any manner other than as proper. He will allege that he was suffering from the undue influence of other parties in the alleged transaction. Overall, Defendant never had the intent nor acted intentionally to cause the damages to Plaintiff. Defendant will allege that Plaintiff has failed to mitigate its damages by refusing to assume control over Defendant TAP Energy Group, LLC. Defendant will allege that he has not received all or part of the benefit alleged to have been conferred on him.

Defendant will initially deny, pending discovery that Plaintiff is the real party in interest; specifically, the allegations that Plaintiff invested the alleged $100,000 are directly contradicted by the attachments to the Amended Complaint. While, Defendant likely will not deny TAP Energy Group, LLC, received such an amount, judgment in favor of Plaintiff here would seem to leave the door open from suit by "Bill Mooney" who is identified in relation to the $100,000 on the first page of Exhibit 2 to the Amended Complaint. While the Defendant is aware that "Bill Mooney" and Kim Moony, Plaintiff's sole member, Defendant intends to test whether Plaintiff or "Bill Mooney" (or any other party) is actually owed the amount sought in the Amended Complaint.

Additionally, Defendant will assert that TAP Energy Group, LLC, was prevented from making distributions by § 605.0405, Fla. Stat., and for other not-wrongful reasons, and that his liability is limited by § 605.04093, Fla. Stat. As the Plaintiff has tried to apply the alleged personal guarantee in this case, such application is not permitted by § 605.0105(3)(p), Fla. Stat.

Finally, Defendant will defend and assert that the alleged personal guarantee, assuming *arguendo* its otherwise enforceability, by its plain terms was not actionable or effective until July 15, 2015. The original Complaint in this Cause was filed on or about March 17, 2015, rendering this suit premature as it relates to Defendant. Moreover, supporting Defendant's contention that he is not personally liable on the alleged contract and that he was not aware of the import of his signature, Defendant did not sign the alleged contract or personal guarantee individually. Instead, he like, Plaintiff's member, Kim Mooney, signed over the name of the contracting entity party. Defendant may assert other defenses as well.

## **CONCLUSION**

Wherefore, Defendant Jon D. Fernandez, respectfully requests that the Court find good cause to vacate the Clerk's Default, and enter an order vacating same, and granting leave to file a response to the Amended Complaint, and for such other and further relief the Court deems just and proper.

Dated:  October 1, 2015                              Respectfully submitted,

                                                                  /s/
                                                                  Larry T. Cortez, Esq.
                                                                  FL Bar No.:  0084943
                                                                  Larry@WyantCortez.com
                                                                  Wyant-Cortez & Cortez, Chartered
                                                                  840 U.S. Highway One, Suite 345
                                                                  North Palm Beach, FL  33408
                                                                  Tel.: (561) 627-0009 | Fax: (561) 627-4900
                                                                  *Attorneys for Defendant Jon D. Fernandez*

## **CERTIFICATE OF CONFERENCE**

I hereby certify that, pursuant to Local Rule 7.1(a)(3) of the United States District Court for the Southern District of Florida, prior to filing this motion, I communicated with Jon Jacobson, counsel for Plaintiff, in a good faith attempt to resolve this motion by agreement. The Parties were unable to reach a resolution, and Mr. Jacobson indicated that Plaintiff opposes this motion.

/s/
Larry T. Cortez

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served by U.S. Mail or transmission of Notices of Electronic Filing generated by CM/ECF on October 1, 2015, on all counsel or parties of record in the Service List below.

/s/
Larry T. Cortez

**Service List**
Jon A. Jacobson, Esq.
*Attorney for Plaintiff*
Jacobson Law P.A.
224 Datura Street, Suite 812
West Palm Beach, FL  33401


TAP Energy Group
14619 79th Court N
Loxahatchee, FL  33470


Travis A. Pozsony
14619 79th Court N
Loxahatchee, FL  33470